# Third District Court of Appeal
## State of Florida

Opinion filed December 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1845
Lower Tribunal No. 22-3487-CA-01
_____

**Raziel Ofer**,
Appellant,

vs.

**Metropolitan Mortgage Company, LLC, et al.,**
Appellee.



An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, and Mavel Ruiz, Judges.

Raziel Ofer, in proper person.

Roniel Rodriguez IV, P.A., and Roniel Rodriguez IV, for appellee Drexel Financial Services, LLC.


Before SCALES, C.J., and LINDSEY and BOKOR, JJ.

PER CURIAM.

<u>ON ORDER TO SHOW CAUSE</u>

On August 22, 2025, this Court dismissed the above-named appeal for "ongoing failure to comply with and contempt of the lower tribunal's discovery order." This Court retained jurisdiction to determine the veracity of self-represented appellant Raziel Ofer's attachment of a purported email attached to a filing in this Court and related allegations incriminating both appellee's counsel and the trial judge.[1] We directed the chief judge of the Eleventh Judicial Circuit to appoint a circuit judge, other than the trial judge below, as commissioner to conduct an evidentiary hearing "to determine the origin and veracity" of the purported email and submit a written report thereon. We explained that "[b]ased on the commissioner's findings, this Court may impose sanctions as appropriate." By subsequent order, we held the dismissal in abeyance pending review of the commissioner's findings.

On October 21, 2025, the duly appointed commissioner, after an evidentiary hearing, issued a report containing factual findings concerning the above-referenced email. After a detailed summary of the evidence presented, the commissioner found, in pertinent part, that:

    i.    Appellant has provided no credible evidence that Appellee [or Appellee's counsel] created, or otherwise sent, the original email of April 18, 2025 . . . . Moreover, Appellant failed to provide any evidence to contradict fabrication.

    ii.    The alleged metadata contained in the meta word document provided does not support the allegation, or

---

[1] Raziel Ofer is also known as Raz Ofer.

otherwise prove, that the email originated from any of Appellee's email accounts.

iii. Numerous discrepancies between the meta word document and the original email show that the meta word document is also likely fabricated.

The commissioner supported each finding with detailed evidentiary or testimonial support from the hearing. The commissioner further found Ofer's testimony conclusory, contradicted by the evidence, or, at times, contradicted by Ofer himself.

In sum, the commissioner did not find Ofer credible and found appellee Drexel Financial Services, LLC's counsel's argument credible and compelling. The commissioner concluded that Ofer failed to provide any evidence that Drexel's counsel created the email and that instead, it is likely that Ofer fabricated or caused the email to be fabricated.

Based on the findings contained in the report, this Court then ordered Ofer to show cause why this Court should not sanction him "for committing fraud on this Court through unsubstantiated and unsupported allegations and the fraudulent creation of emails that [Ofer] alleged in court filings were created by counsel for [Drexel]." We further directed Ofer to "address, at a minimum, the failure to supply the commissioner with a native format copy of the email(s) at issue as well as any other record evidence or applicable case law that would mitigate against imposing sanctions." And we explained

3

that possible "[s]anctions may include barring [Ofer] from any future filings before this Court without the review and signature of a member in good standing of the Florida Bar."

On November 24, 2025, Ofer responded to the order to show cause. The response contains a series of conclusory allegations, complaints about the evidentiary hearing, and unsubstantiated ad hominem attacks on the commissioner and the judiciary. The response fails to point to any fact adduced at the evidentiary hearing (other than a repetition of the initial conclusory allegations themselves) that would call the commissioner's findings into question, much less support any other conclusion. At its core, this starts and ends with the copy of the purported email Ofer attached to a court filing in this Court, accusing Drexel's counsel and a judge of bribery. Ofer never, despite repeated requests and court orders, provided a native format copy of that email or provided any basis to question the commissioner's findings and detailed report. Ofer provides no factual support for an alternative conclusion to that reached by the commissioner. Instead, the weight of the evidence points to the fact that Ofer created the original email and the purported metadata.

Ofer has failed to show cause why this Court should not adopt the report and impose appropriate sanctions. See Fla. R. App. P. 9.410(a)

4

("[T]he court may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other document that is frivolous or in bad faith. Such sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorneys' fees, or other sanctions."); Azran Miami 2, LLC v. US Bank Tr., N.A., 343 So. 3d 673, 682 (Fla. 3d DCA 2022) (imposing sanctions for "filing frivolous and bad-faith motions and leveling false, malicious and meritless accusations against adverse parties, opposing counsel and judges alike, after a trial court or an appellate court has rejected [the lawyer's] claims and arguments"). Accordingly, the report is adopted and approved. The Court imposes the following sanction: Raziel Ofer is barred from any filing before this Court absent the review and signature of a member in good standing of the Florida Bar. The appeal is dismissed. All pending motions are denied as moot.